

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 14, 1939

Hon. Frank Wright
County Auditor
Fannin County
Bonham, Texas

Dear Sir:

Opinion No. O-619
Re: Is it legal for a county to pay for
a telephone in the home of a county
commissioner who says it is used ex-
clusively for county business?

Your letter of April 12, 1939, in which you
ask if it is legal for a county to pay for a telephone
in the home of a county commissioner who says it is used
exclusively for county business has been received.

Your attention is directed to Vol. 11, Texas
Jurisprudence, page 563, which reads as follows:

"Counties being component parts of the
state, have no power or duties except those
which are clearly set forth and defined in
the Constitution and statutes. The statutes
have clearly defined the powers, prescribed
the duties, and imposed the liabilities of the
commissioners' court, the medium through which
the different counties act, and from those
statutes must come all authority vested in the
county."

The jurisdiction of the commissioners' court
is limited strictly to "county business", and the in-
stallation of a telephone in the home of the commissioner
does not appear to come within the classification of
county business.

It is our opinion that neither the Constitution of Texas nor the statutes expressly or impliedly give to the members of the Commissioners' Court authority to install telephones in their homes and charge the expense of same against the county.

Very truly yours

ATTORNEY GENERAL OF TEXAS

(Signed)

By

W. P. Watts
Assistant

WPW:AW

APPROVED:

Gerald C. Mann      (Signed)

ATTORNEY GENERAL OF TEXAS